ATTORNEYS FOR THE RESPONDENT
Karl L. Mulvaney
Indianapolis, Indiana

Ronald F. Layer
Dyer, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Fredrick L, Rice, Staff Attorney
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court

_____

No. 45S00-1301-DI-33



IN THE MATTER OF:

ANONYMOUS,

*Respondent.*

_____

Attorney Discipline Action
Hearing Officer Michael N. Pagano

_____

**April 11, 2014**

**Per Curiam.**

We find that Respondent engaged in attorney misconduct by making false or misleading communications regarding legal services and by failing to include an office address in a public communication**.** For this misconduct, we conclude that Respondent should receive a private reprimand.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and on the post-hearing briefing by the parties. Respondent's admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

**Background**

The American Association of Motorcycle Injury Lawyers, Inc. ("AAMIL") is a for-profit Arizona corporation that offers franchise opportunities involving AAMIL's registered trademarks, including "Law Tigers," and other proprietary marks, slogans, and logos (together "trademarks"). AAMIL's business model involves contracting with lawyers and law firms throughout the United States, and granting those lawyers and firms licenses for exclusive use of the Law Tigers name and other trademarks owned by AAMIL within certain geographic areas ("territory") to promote and market the services offered by AAMIL to the public. Under the terms of the license agreements, these "Licensee" lawyers and firms agree to engage in promoting and marketing the Law Tigers as a service to meet the needs of the motorcycle-riding public, including legal advice and/or representation in connection with claims involving the operation of motorcycles.

On March 15, 2010, Respondent and his firm entered into a license agreement with AAMIL to be an exclusive licensee in Indiana for a term of three years. The Law Tigers' toll-free telephone number service was established by AAMIL and operates under its authority. Under the terms of the license agreement, AAMIL was obligated to ensure that all calls to the Law Tigers toll-free telephone number seeking legal assistance from Respondent's territory were automatically routed directly to Respondent.

In addition, the public could contact Law Tigers through AAMIL's Law Tigers internet website. The website contained a wide variety of information for the motorcycle-riding public, including information about lawyers and firms that AAMIL identified as the Law Tigers source of legal services in the various geographic areas of the United States. The website offered a search function that identified Respondent and his firm as the exclusive Law Tigers source for legal services for his territory.

The Law Tigers website contained examples of previous results obtained by "Law Tigers Motorcycle Accident Lawyers," boasting "Exceptional Results: Settlements and Verdicts." A tab led to "Client Testimonials" from persons who claim to have utilized Law Tigers in seeking advice and/or representation regarding a motorcycle-related legal matter. Such testimonials included: "Law Tigers changed my life in a big way and my family received our fair share of justice." "Law Tigers went above and beyond! The settlement was more than expected!" "The legal services were fast and painless and the best experience I have ever had with lawyers and lawsuits." Although none of the settlements, verdicts, or testimonials related to Respondent, the website did not disclose that they did not relate to Respondent.

Respondent also maintained a separate website for his law firm, which could be accessed through a link from the Law Tigers website. The firm website included a statement that the firm was not permitted to include information about previous results from settlements and verdicts. However, a visitor to the Law Tigers website was not required to access the link to the firm website to be put in contact with Respondent and his firm.

Respondent distributed AAMIL-produced informational materials within his territory, including "promotional backers." The promotional backers contained a toll-free telephone number for the Law Tigers service, the Law Tigers website address, and the names of Respondent and his firm. However, the promotional backers did not contain Respondent's address.

The Commission charged Respondent with violating these Professional Conduct Rules[1] prohibiting the following conduct:

7.1:  Making false or misleading communications regarding services, e.g., statistical data, information based on past performance, testimonials.

7.2(c):  Failing to include an office address in a public communication.

7.3(d):  Accepting referrals from an unqualified referral service.

7.3(e):  Improperly giving something of value for a recommendation.

---

[1] Some of these rules were amended and renumbered during the period of the alleged violations. For simplicity, only the current version of the rules are summarized in this list.

7.5(a)(4):  Use of an improper trade name.

## Discussion

Rule 7.1:  False or misleading communications regarding services.  Indiana Professional Conduct Rule 7.1 and its commentary, effective January 1, 2011, provide:

> A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading.
>
> *Commentary*
>
> [1] This Rule governs all communications about a lawyer's services, including advertising permitted by Rule 7.2. Whatever means are used to make known a lawyer's services, statements about them must be truthful.
>
> [2] Truthful statements that are misleading are also prohibited by this Rule. In the absence of special circumstances that serve to protect the probable targets of a communication from being misled or deceived, a communication will violate Rule 7.1 if it:
>
> . . . .
>
> (2) contains statistical data or other information based on past performance or an express or implied prediction of future success;
>
> . . . .
>
> (5) compares the services provided by the lawyer or a law firm with other lawyers' services, unless the comparison can be factually substantiated;
>
> (6) contains any reference to results obtained that may reasonably create an expectation of similar results in future matters; [or]
>
> . . . .
>
> (8) contains a representation, testimonial, or endorsement of a lawyer or other statement that, in light of all the circumstances, is intended or is likely to create an unjustified expectation about a lawyer or law firm or a person's legal rights . . . .

Prior to the January 1, 2011, rule amendments, Indiana Professional Conduct Rule 7.2(d) contained the following similar prohibitions:

4

A lawyer shall not, on behalf of himself, his partner or associate, or any other lawyer affiliated with him or his firm, use or participate in the use of any form of public communication which:

. . .

(2) contains statistical data or other information based on past performance or prediction of future success;

(3) contains a testimonial about or endorsement of a lawyer; [or]

(4) contains a statement or opinion as to the quality of the services or contains a representation or implication regarding the quality of legal services . . . .

The hearing officer concluded that Respondent is responsible for the content of all of the promotional materials associated with the Law Tigers venture, including all of the communications on the Law Tigers website, reasoning:

> The fact that Respondent's own website provides disclaimers regarding the content of the Law Tigers® internet website works in his favor as mitigation, but cannot effectively create distance between himself and it for our purposes in this proceeding. . . . The average consumer viewing the Law Tigers® internet website would not make a distinction between Respondent and the assertions made at the Law Tigers® internet website. As Respondent is associated with AAMIL and his website can be linked to through its website, he is responsible for its content.

> The "Settlements and Verdicts" page of the Law Tigers® website showing examples of previous results by Law Tigers® lawyers and the statement at the bottom of the Settlements and Verdicts page that, "our motorcycle accident attorneys have helped thousands of motorcycle accident victims and their families financially recover from devastating motorcycle injuries," contains the kind of information prohibited by Rule 7.2(d)(2) (2010) and Rule 7.1 (2011), cmt. [2](2) and (6) of the Indiana Rules.

> As to the testimonials contained in the Law Tigers® website, they are prohibited by Rule 7.2(d)(3) (2010) and Rule 7.1 (2011), cmt. [2](8) of the Indiana Rules.

> Finally, as a whole, the information contained in the Law Tigers® website suggests to those viewing it that the quality and likely results of the Respondent's professional services, as a member of Law Tigers®, would be comparable to the quality and success of the services provided by the other lawyers who are part of the Law Tigers® "national network of local motorcycle accident attorneys," without referring to any back-up factual data, and as such, is the type of communication prohibited by Rule 7.2(d)(4) (2010) and Rule 7.1 (2011), cmt. [2](5) of the Indiana Rules.

Hearing Officer's Report at 23-24 (paragraph numbers and citations omitted).

Respondent argues that the hearing officer erred in finding violations because none of the statistical data, testimonials, etc., on the Law Tigers website related to Respondent. Respondent asserts that his own website does not violate any of the rules charged and that he should not be held accountable for all the content on the AAMIL website.

Under the totality of the circumstances of this case, the Court agrees with the hearing officer's conclusions that the average viewer would not differentiate between Respondent and the statements about Law Tigers on the AAMIL website and that Respondent is therefore responsible for objectionable content on the website. The Court concludes that Respondent violated current Rule 7.1 and prior Rule 7.2(d) through his association with the AAMIL website.

Rule 7.2(c): Failing to include an office address in a public communication. Professional Conduct Rule 7.2(c) states: "Any communication subject to this rule shall include the name **and office address** of at least one lawyer or law firm responsible for its content. . . . " (Emphasis added). Prior to rule amendments that took effect January 1, 2011, there was no requirement for inclusion of an office address. Respondent concedes that he inadvertently violated this rule because he overlooked the 2011 rule amendment.

Remaining charges. The hearing officer found that the Commission had failed to adequately establish its remaining charges. This Court will defer to the hearing officer's findings on these issues.

Discipline. The Court finds the following facts in mitigation: (1) Respondent has no history of prior discipline in nearly 41 years of practice; (2) he has cooperated fully with the Commission; (3) he exercised due diligence before entering into a contractual relationship with AAMIL in attempting to determine whether the relationship would violate any professional conduct rule; and (4) his own website provided disclaimers regarding the content of the Law Tigers website. There are no facts in aggravation.

The hearing officer recommends that Respondent be given no discipline harsher than a private reprimand.  The Commission concedes that a private reprimand would be within the range of appropriate discipline in this case. Accordingly, the Court will impose a private reprimand for Respondent's misconduct.

## Conclusion

The Court concludes that Respondent violated Indiana Professional Conduct Rules 7.1 and 7.2(c) by making false or misleading communications regarding legal services and by failing to include an office address in a public communication, respectively.

For Respondent's professional misconduct, the Court imposes a private reprimand.

The Court assesses against Respondent one-half of the costs and expenses of this proceeding, including costs incurred by the Commission and payment for the services of the hearing officer. In addition, the Court assesses against Respondent a fee of two hundred fifty dollars ($250) payable to the Clerk. *See* Admis. Disc. R. 23(16).  The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, and to any other entities entitled to notice under Admission and Discipline Rule 23(3)(d).  The Clerk is further directed to post this opinion to the Court's website, and Thomson Reuters is directed to publish a copy of this opinion in the bound volumes of this Court's decisions.

All Justices concur.